IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–11–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRADLEY JAMES TURCOTTE, | |
| Defendant. | |

Before the Court is Defendant Bradley James Turcotte's unopposed motion to continue. (Doc. 89.) The motion requests a continuance of the trial currently set to begin April 7, 2025. (*Id.* at 1.) Turcotte has waived his speedy trial rights through June 9, 2025. (Doc. 71.) The United States does not oppose. (*Id.* at 3.)

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect

1

adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not inordinately complex or unusual, would deny the defendant continuity of counsel or would deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(h)(7)(B).

An "ends of justice continuance . . . must be specifically limited in time[] and . . . must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 203 (2010).

Turcotte is charged with one count of conspiracy to distribute and to possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846 (Count 1), and one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2), as set forth in the Indictment. (Doc. 1.) Turcotte argues a continuance is necessary so that he can file a motion to suppress. (Doc. 89 at 3.) In addition, Turcotte notes that his counsel will be on medical leave until approximately March 19, 2025 (*Id.*) The Court agrees a continuance is warranted.

Specifically, the Court finds that, although this case is not "so unusual or

complex . . . that it is unreasonable to expect" a case to be tried within 70 days, 18 U.S.C. § 3161(h)(7)(B)(ii), the failure to grant a continuance would deny Turcotte's counsel reasonable time necessary for effective preparation. Turcotte faces two mandatory minimum sentences. (Doc. 1.) Additional time is needed for Turcotte and his counsel to file a motion to suppress and properly prepare for trial. The ends of justice served by allowing additional time for Turcotte to prepare for trial outweigh the best interests of the public and the defendant in a speedy trial.

Accordingly, IT IS ORDERED that the motion (Doc. 89) is GRANTED. The trial scheduled for April 7, 2025, is VACATED and RESET for May 19, 2025, at 9:00 a.m. at the Russell Smith Federal Courthouse in Missoula, Montana.

IT IS FURTHER ORDERED that all associated deadlines are VACATED. The motions deadline is reset for April 4, 2025. The plea agreement deadline is reset for May 8, 2025. The JERS deadline and jury instructions and trial briefs deadlines are reset for May 14, 2025. The Court's previous scheduling orders (Docs. 54, 72) otherwise remains in full force and effect.

DATED this 12th day of February, 2025.

_____
Dana L. Christensen, District Judge
United States District Court